# IN THE SUPREME COURT OF THE STATE OF NEVADA

BAC HOME LOANS SERVICING, LP,
F/K/A COUNTRYWIDE HOME LOANS
SERVICING, LP,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 73428

FILED

MAR 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an interpleader and quiet title action. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

The district court erroneously granted summary judgment for respondent, as appellant's agent (Miles Bauer) tendered $666 to the HOA's agent (A&K), which undisputedly represented 9 months of assessments.[2] *See Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Although respondent questions whether A&K actually received the check, respondent does not identify any evidence in the record to contradict the evidence indicating that the check was received. We therefore are not persuaded that there is a question of material fact on this issue.

19-11581

abatement, and nine months of unpaid [common expense] assessments").[3] The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-21.

Respondent contends that A&K had a good-faith basis for rejecting the tender—it believed collection costs made up part of the superpriority portion of the lien. But A&K's subjective good faith in rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the lien by operation of law. *Id.* at 120. Because the superpriority portion of the lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and A&K's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 121 ("'A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be

---

[3]Because no maintenance or nuisance abatement costs had been incurred at the time the tender was made, the tender for 9 months of assessments was sufficient to cure the default as to the superpriority portion of the HOA's lien. If the HOA had thereafter incurred such costs, it would have been required to issue new foreclosure notices if it sought to afford those costs superpriority status. *Cf. Property Plus Invs., LLC v. Mortgage Elec. Registration Sys.*, 133 Nev., Adv. Op. 62, 401 P.3d 728, 731-32 (2017) (observing that an HOA must restart the foreclosure process to enforce a second superpriority default).

liable for money damages but that the reason for rejection does not alter the tender's legal effect).

Respondent further contends that Miles Bauer's tender was ineffective because (1) it imposed conditions, (2) evidence of the tender needed to be recorded, (3) Miles Bauer needed to keep the tender good, and (4) respondent is protected as a bona fide purchaser, but we recently rejected similar arguments.[4] *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 118-21. Accordingly, respondent took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.         _____, J.
Stiglich                            Silver

cc:    Chief Judge, Eighth Judicial District Court
       Janet Trost, Settlement Judge
       Wright, Finlay & Zak, LLP/Las Vegas
       Kim Gilbert Ebron
       Eighth District Court Clerk

---

[4]Respondent has not identified any condition that Miles Bauer was not legally entitled to impose. We reject respondent's argument that the letter accompanying the check contained conditions purporting to absolve appellant of any future liability that it may have to the HOA. The letter refers to "the facts stated herein," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which appellant might again need to cure a default to avoid foreclosure.

SUPREME COURT
OF
NEVADA

(O) 1947A